E-FILED
Tuesday, 16 May, 2006  02:17:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY ROBERTS,

       Plaintiff,

    v.                                       06-CV-3061

GREGORY FIRKUS, Warden,
LISA TRUTHEART, Correctional Officer,
MR. JENNINGS, Lieutenant,
JOHN DOE, Shift Commander,

       Defendants.

## Case Management Order #1 (Merit Review)

The plaintiff, currently incarcerated in Pinckneyville, filed this action pursuant to 42 U.S.C. Section 1983 regarding events that occurred during his incarceration in Logan Correctional Center.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."  A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary.  The Complaint and exhibits already clearly set out the claims.

The merit review standard is the same as the motion to dismiss standard.  The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inference in the plaintiff's favor.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521.

*Allegations*

The events all occurred during the plaintiff's incarceration at Logan Correctional Center. Defendant Trutheart (a Logan correctional officer) and Defendant Firkus (the Warden at Logan) imposed permanent visiting restrictions against the plaintiff and his wife before a hearing was held on a disciplinary report charging them with sexual misconduct during a visit (plaintiff was accused of giving his wife a hickey).  The plaintiff says this violated his constitutional rights and was in retaliation for prior complaints to the IDOC Director about the defendants' wrongful

1

conduct.  The plaintiff maintains that the permanent visiting restrictions were grossly disproportionate to the offense charged.

Defendant Trutheart, defendant John Doe (a shift commander) and defendant Firkus ordered the "plaintiff's detention in disciplinary/punitive segregation without a prehearing for exigent circumstances," where he was kept for six days before a hearing was held on the disciplinary ticket.  The plaintiff maintains that this violated Illinois Administrative regulations.  He also asserts that the IDOC's "two tier disciplinary system creates a liberty interest," presumably in avoiding disciplinary segregation before a hearing.  He appears to maintain that the procedures used for designating him a "security threat," which justified his placement in segregation pending the disciplinary hearing, violated his constitutional rights because: 1) "the correctional officer issuing an Inmate Disciplinary Report (IDR), serves as prosecutor"; 2) "the shift commander, who validated the warrant/indictment with his signature . . . serves as the system's judge; 3) the "Adjustment Committee, which in this case Lisa Trutheart is a member, serves as the system's tryer [sic] of facts; and, 4) the IDR alleged a major infraction which implicated up to one year's loss of good time, which constituted a protected liberty interest.  The plaintiff maintains that the defendants failed to follow mandatory administrative regulations by not providing him with a "speedy trial" on the disciplinary charge.

On a separate matter, Defendant Jennings (a Lieutenant at Logan) permanently deprived the plaintiff of confiscated personal property, and refused to provide the plaintiff the opportunity to send his property to his residence.

The plaintiff asks for the lifting of the permanent visiting restrictions with his wife, along with declaratory relief and damages.

*Analysis*

### I.  Wrongful Confiscation of Personal Property

The intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available.  *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); *see also Parratt v. Taylor*, 451 US 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied* 529 U.S. 1134 (2000).  The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims.  *See Stewart v. McGinnis*, 5 F.3d 1031 (7th Cir. 1993).  Accordingly, this claim must be dismissed, along with defendant Jennings, who is implicated only in this claim.

### II.  Procedural Due Process:  Placement in Segregation Pending Hearing on Disciplinary Charges

The plaintiff maintains that it was unconstitutional to place him in segregation for six days before he had a chance to defend against the charges in the disciplinary report,

2

particularly since the persons making the decision to put him there were biased.  However, the plaintiff has no constitutionally- protected liberty interest in avoiding segregation, absent segregation conditions that amount to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997); *cf. Westerfer v. Snyder*, 422 F.3d 570 (7th Cir. 2005)(assuming existence of liberty interest in avoiding transfer to supermax facility).  No inference arises of an atypical and significant hardship under *Sandin* standards here. The plaintiff was only in disciplinary segregation for six days until the hearing.  *See Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)(six-months of segregation did not automatically amount to an extreme term triggering due process protections).  That the segregation violated Illinois Administrative regulations does not make out a Constitutional violation.  *Sandin*, 515 U.S. at 483 (state-created "interests will be generally limited to freedom from restraint which . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); *see also Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population).  The plaintiff simply had no procedural due process rights before he was placed in segregation.

This claim must therefore be dismissed, along with defendant "Doe," who is implicated in this claim only.

## II.  Procedural Due Process: Hearing on Disciplinary Report

It is not clear, but the plaintiff may be challenging the procedural due process he received at the disciplinary hearing and his subsequent punishment for abuse of privileges and sexual misconduct.  The plaintiff lost good time as part of that punishment, so his procedural due process challenges under 42 U.S.C. § 1983 are not cognizable, as dictated by a line of Supreme Court cases starting with *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994).  *Heck* held that a suit for damages under Section 1983 challenging an underlying conviction or sentence does not accrue until that conviction or sentence has been invalidated.  512 U.S. at  484-487 (1994).  In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), the Supreme Court extended *Heck* to claims that  "necessarily imply the invalidity of the deprivation of [an inmate's] good-time credits," stating that those claims are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has been invalidated.  Habeas corpus is the proper legal route for challenging loss of good time credits–"good-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody."  *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994), *citing Preiser v. Rodriguez*, 411 U.S. 475 (1973)(other citations omitted).  This rule works to prevent the bypassing of habeas requirements.  *See Preiser*, 422 U.S. at 489 ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.").

The court hastens to add that it is not deciding whether the plaintiff states a procedural due process claim regarding the hearing, and it is not deciding whether the plaintiff has a viable habeas action.  Prison disciplinary proceedings are not criminal proceedings, and do not require

the same protections to the accused as criminal proceedings do. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Procedural due process in the prison disciplinary setting requires only: sufficient advance written notice of the charge; a hearing before an impartial decision maker; an opportunity to present a defense, including witnesses and documentary evidence, if consistent legitimate penological concerns; and, a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action. *Wolff*, 418 U.S. 529. Then, "'the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by 'some facts.'" *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999), *quoting Hanrahan*, 747 F.2d at 1139-40 (other citations ommitted).

### III.  Permanent Restriction on Visitation with Wife

The plaintiff attaches a letter to his wife from defendant Firkus permanently revoking her visitation privileges at all IDOC prisons because of "inappropriate sexual behavior." The letter informed her that she could ask the CAO to review the restrictions after six months, one year, and annually thereafter.[1]

Prisons may impose reasonable visitation restrictions. *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). The constitutional analysis governing visitation restrictions turns on: (1) whether the rule is rationally connected to a legitimate governmental interest; (2) whether the prisoner has alternative ways to exercise the right; (3) the effect on guards, other prisoners and prison resources of accommodating the right; and (4) whether easy alternatives exist to accommodate the right. *Overton*, 539 U.S. at 132 (citing *Turner*, 482 U.S. at 89-91). Prison officials undoubtedly have a legitimate penological interest in preventing sexual contact between inmates and their visitors and in ensuring that visitation rules are followed. *See id.* at 134 ("Withdrawing visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior . . .)(upholding 2-year visitation restriction for inmates with two substance abuse violations).

At this stage in the proceedings, the court believes it would be premature to rule out a constitutional claim based on the plaintiff's permanent visitation restrictions with his wife. *Overton*, 539 U.S. at 138 ("If the withdrawal of all visitation privileges were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different considerations."). Exactly what constitutional provision(s) the claim falls under better awaits full briefing and a complete evidentiary record.

### IV.  Retaliation for Exercise of First Amendment Rights

---

[1]The Court notes that the plaintiff is now at Pinckneyville Correctional Center. The plaintiff seeks a lifting of the restriction, which may be a determination that cannot be made by defendant Firkus.

4

The plaintiff also alleges that defendants Trutheart and Firkus caused the permanent visitation restriction in retaliation for the "continuous complaining and reporting to the Director of the Illinois Department of Corrections about defendants conduct" from the plaintiff and his wife. Acts which are constitutional become unconstitutional if done in retaliation for the exercise of a constitutionally protected right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999)(citations omitted). "This is so even if the adverse action does not independently violate the Constitution." *Id.*

The plaintiff states a claim for retaliation for the exercise of his First Amendment rights. Thorny questions about what protected rights were exercised, who exercised them, and whether *Heck* affects the analysis better awaits a fully developed record. Those determinations would not be appropriate on a motion to dismiss in this case.

IT IS THEREFORE ORDERED:

1)     Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

a) Permanently restricting the plaintiff's visitation with his wife violates his rights under the U.S. Constitution, in the context of this case;

b) Defendants Firkus and Trutheart retaliated against the plaintiff for the exercise of First Amendment rights by causing permanent visitation restrictions between the plaintiff and his wife.

2)     The plaintiff's procedural due process claims based on his placement in segregation pending his disciplinary hearing, and the ensuing disciplinary hearing and punishment are dismissed, without prejudice, as barred by *Heck v. Humphrey* and progeny. Defendant John Doe is dismissed, without prejudice, as he is implicated in this claim only.

3)     The plaintiff's federal claim based on the intentional deprivation of his property is dismissed for failure to state a claim, pursuant to 28 U.S.C. Section 1915A. Defendant Jennings is dismissed, as he is implicated only in this claim;

4)     This case proceeds solely on the federal claims identified in paragraph one above against defendants Firkus and Trutheart. Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or otherwise pursuant to Federal Rule of Civil Procedure 15.

5)     This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

6)      The defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 16th Day of May, 2006.

**s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE