UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY ROBERTS,

    Plaintiff,

v.                                               06-CV-3061

GREGORY FIRKUS et al.,

    Defendants.

### Order

The plaintiff has filed a motion to reconsider in part this court's merit review order.

The plaintiff maintains that the court has misunderstood his claim titled, "Procedural Due Process: Placement in Segregation Pending Hearing on Disciplinary Charges." The Court dismissed that claim, concluding that the plaintiff had no liberty interest in avoiding segregation.

The plaintiff says he is not challenging the disciplinary conviction, but is instead claiming that "the very writing of the disciplinary report, in concert with the labeling of the plaintiff as a 'threat to security,' which triggered mandatory prehearing confinement, were in retaliation" for the protected First Amendment activities of himself and his wife.

Acts which are constitutional become unconstitutional if done in retaliation for the exercise of a constitutionally protected right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999)(citations omitted). "This is so even if the adverse action does not independently violate the Constitution." *Id.* Labeling the plaintiff as a threat to security is not unconstitutional by itself, nor is the segregation that followed, but the plaintiff has alleged this was done in retaliation for his protected First Amendment rights. This is sufficient to state a claim at this point. Accordingly, this claim will be added in to the case. Defendant John Doe will also be added back in, as it appears he is implicated in this claim.

However, service cannot be had on a "John Doe" defendant. The plaintiff must identify who John Doe is and where he is before he can be served. If the plaintiff does not have this information, he must discover it from the defendants once they have appeared. According to the docket sheet, defendants Firkus and Trutheart have returned signed waivers of service, and their Answers are due on July 17, 2006. If the defendants do not comply with the plaintiff's discovery request, the plaintiff should timely file a motion to compel production of the information. Failure to identify John Doe for service by the date below may result in dismissal of John Doe,

without prejudice, unless the plaintiff can show good cause for such failure.

The plaintiff also maintains that he has a Constitutionally protected interest in administrative regulation "804 (II)(E)(1)," which he says requires that an inmate designated a security threat be brought before the adjustment committee for a hearing within 72 hours.[1] As the court discussed in its prior order, violation of a state law does not, by itself, violate the Constitution. The security threat designation and consequent segregation is part of the plaintiff's retaliation claim that is proceeding, but those events alone do not make out a constitutional violation separate from the retaliation claim. Prison disciplinary proceedings are not criminal proceedings, and do not require the same protections to the accused as criminal proceedings do (such as the right to a speedy trial). *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, that regulations were not followed may be relevant to help prove retaliatory motive on the plaintiff's retaliation claim.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion to reconsider is granted in part (d/e 9). The court finds that, in addition to the claims stated as set forth in the merit review order of May 16, 2006, the plaintiff states a claim that defendants Firkus, Truthheart and John Doe retaliated against the plaintiff for exercising his First Amendment rights, by his designation as a security threat and consequent placement in segregation.

2) The clerk is directed to reinstate "John Doe" as a defendant. By August 21, 2006, the plaintiff must identify the name and work address of "John Doe," so that service can be effected. Failure to do so, without good cause, may result in the dismissal of John Doe, without prejudice.

Entered this 22nd Day of June, 2006.

s\Harold A. Baker

---

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[1] The Court was unable to locate this regulation on Westlaw, but did find 20 Ill.Admin. Code Section 504.50, which states that a decision to place an inmate in temporary confinement shall be reviewed within three days, "whenever possible."